UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Allianz Life Insurance Company of North America and North American London Underwriters,

Plaintiffs,

v.

Thomas G. Brown,

Defendant.

Court File No. 01-CV-480-PAM/JGL

**AGREED PROTECTIVE ORDER**

---

WHEREAS, the parties have requested from each other information by way of discovery that a party may consider private, proprietary, privileged or confidential, or other confidential business information not generally known, and may have an interest in not disclosing outside this action and in preventing the opposing party from conveying it to others or using it in other litigation.

Now, therefore, Plaintiffs Allianz Life Insurance Company of North America ("Allianz") and North American London Underwriters ("NALU") and Defendant Thomas G. Brown ("Brown"), by their respective attorneys, hereby agree to exchange documents and information in the above-captioned matter pursuant to the following terms and conditions:

1. Confidential Information - Defined. Any party may designate information, documents or things as containing proprietary, privileged or confidential information by marking the word "Confidential" on the information, documents or things, or by any other reasonable method

FILED JUL 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

agreed to by the parties or their counsel. Such information, documents or things are hereinafter referred to as "Confidential Information." A party may designate information, documents or things "Confidential Information" after such information, documents or things have been produced to another party.

2. Confidential Information - Protection. "Confidential Information" shall only be made available to "Necessary Persons," as defined below, who have read this Agreed Protective Order and who agree to be bound by its terms. No other person or entity shall have access to "Confidential Information" without the approval of the producing party or the Court. Further, no other person or entity shall be informed of the nature of "Confidential Information" by any person having access thereto. "Necessary Persons," as used in this paragraph, are persons who need to know the information in order to prosecute or defend or assist in the prosecution of defense of the case as follows:

(a) the parties, including employees who provide information or make decisions about the case but not other employees;

(b) the Court and its officers;

(c) counsel of record, other attorneys in the firm, law clerks, and paralegals (other attorneys in the firm, law clerks and paralegals are hereinafter referred to as "legal staff");

(d) in-house counsel for the parties engaged in preparing this action for trial and their legal staff;

(e) any co-counsel and their legal staff;

(f) investigators, independent experts retained by a party, stenographic clerical employees, and consultants retained by the parties described above, or any other non-party, if they have executed a certification that they have read this Agreed Protective Order and agree to be bound by the terms and conditions hereof. An executed original of that certification shall be furnished to counsel of record for the party retaining the expert before such persons are provided access to "Confidential Information";

(g) any witness to the extent necessary to prepare that witness to testify at a deposition, trial, or hearing, if they have executed a certification that they have read this Agreed Protective Order and agree to be bound by the terms and conditions hereof.

3. Scope of Protection - Use. "Confidential Information" may be used solely for this litigation and for no other purpose.

4. Scope of Protection - Location. "Confidential Information" shall be located at the business location of either the counsel of record or the court, the business location of a party, or the business location of the independent experts, investigators, or consultants.

5. Use of Confidential Information. Nothing in this Agreed Protective Order shall prevent the use of "Confidential Information" at trial or at depositions, subject to he following safeguards. If "Confidential Information" is used in depositions, all portions of the transcripts of such depositions and exhibits thereto which refer to "Confidential Information" shall be treated as "Confidential Information" and counsel for the party from whom such "Confidential Information" was obtained shall make arrangements with the court reporter to bind the confidential portions of

the transcripts and exhibits separately and label them "Confidential Information." In addition, the witness will be notified that pursuant to this Agreed Protective Order, the witness may not divulge any "Confidential Information." The court reporter at any trial or hearing in which any "Confidential Information" is referenced shall be similarly advised to bind the confidential portion of the transcripts and exhibits and to label them as "Confidential Information."

6. All "Confidential Information" submitted to or filed with the Court shall be submitted or filed under separate cover and shall be placed under seal. Such materials shall only be available to the Court and "Necessary Persons" as the case may be.

7. Disclosure Notice. In the event that counsel for a party deems it necessary to disclose to a person other than one deemed a "Necessary Person" any "Confidential Information," counsel shall provide at least twenty days written notice to counsel for the party from whom such "Confidential Information" was obtained. Such notice shall provide the identity (name, address, occupation) of each person to whom such disclosure is requested and the reason for the disclosure. The party from whom the "Confidential Information" was obtained shall have twenty days thereafter in which to serve counsel for the requesting party with a written objection to such disclosure.

8. Objection to Disclosure. If the party from whom such "Confidential Information" was obtained does not object to further disclosure within the twenty day period, the party will have waived its right to object to the limited disclosure of the "Confidential Information" to the specified individual.

9. Resolution of Objection. In the event that the party from whom the "Confidential Information" was obtained objects to the requested disclosure, the parties shall make a reasonable effort to negotiate all objections to disclosure. In the event negotiations fail to resolve objections,

counsel for the party from whom the "Confidential Information" was obtained may petition the Court, with notice to the other counsel, for an order to prevent disclosure. Disclosure shall otherwise be permitted absent an order by the Court.

10. Motion on Objection/Modification of This Order. Any party may apply to the Court for an order modifying this Agreed Protective Order, removing the confidential designation from any information, document or thing, or extracts or portions thereof, reclassifying "Confidential Information" or further protecting "Confidential Information." The burden of persuasion regarding any party's confidential designation shall be governed by the Federal Rules of Civil Procedure and the applicable case law. This Agreed Protective Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of the Federal Rules of Civil Procedure.

11. Final Disposition of Protected Information. At the conclusion of the case, within thirty (30) days after conclusion of trial and all appeals or any other termination of this action, all information, documents or things designated as "Confidential Information" shall be returned to counsel for the producing party or destroyed. If any "Confidential Information" is furnished to any expert or to any other person, the attorneys for the party retaining such expert or furnishing "Confidential Information" shall be responsible to insure that all such "Confidential Information" is returned to counsel for the producing party or destroyed.

12. As used herein, Confidential Information shall in no event include the following: (i) information in the public domain or which becomes publicly available through no action of the party who seeks to use the information; (ii) information obtained from third parties except where such information was obtained under an express or implied condition of confidentiality; and/or (iii)

information previously known or developed by a party independently of another party under circumstances where it was not treated as confidential.

Dated: 7/30/01

KELLY & BERENS, P.A.

Timothy D. Kelly, Esq. (#54926)
Jennifer Frisch, Esq. (#257928)
3720 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
612-349-6171

Attorneys for Plaintiffs Allianz Life Insurance Company of North America and North American London Underwriters

Dated: 7/27/01

RIDER BENNETT EGAN & ARUNDEL LLP

John J. Wackman (#251884)
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
612-340-7944

- and -

Lawrence S. Greengrass
William D. Wilson
MOUND, COTTON, WOLLAN & GREENGRASS
One Battery Park Plaza
New York, New York 10004
212-804-4200

Attorneys for Defendant Thomas G. Brown

**ORDER**

It is so ordered.

Date: 7-30, 2001

Jonathan Lebedoff

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500