**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ALLIANZ LIFE INSURANCE OF NORTH AMERICA, and NORTH AMERICAN LONDON UNDERWRITERS,**

Plaintiffs,

v.

**THOMAS G. BROWN,**

Defendant.

Civil No. 01-480 (PAM/JGL)

**O R D E R**

---

APPEARANCES

Jennifer Frisch, Esq., for Plaintiff.

John Wackman, Esq., for Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on January 29, 2002 on Plaintiff's Motion to Compel Discovery (Doc No. 18). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. FACTS

This lawsuit arises in the context of a reinsurance relationship. Plaintiff asserts that as a result of its reliance on Defendant's representations, it advanced one million British Pounds Sterling to Lloyd's of London ("Lloyd's") to

FILED JAN 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

cover a two year investment. Plaintiff asserts that Defendant's representations were untrue and, as a result, Plaintiff lost over $2.6 million.

On November 6, 2001 Plaintiff served Defendant with its second set of interrogatories. Responses were due on December 5, 2001. Defendant did not respond to Plaintiff's interrogatories until after numerous telephone calls and letters had been exchanged. On January 7, 2002, Defendant provided answers to the interrogatories. The answers consisted mostly of objections based on relevancy, confidentiality, and the fact that the requested information was not reasonably calculated to lead to the discovery of admissible evidence. (Pl. Ex. 5.)

Plaintiff argues that the interrogatories are designed to lead to the discovery of admissible evidence. Specifically, Plaintiff asserts that this information is relevant to its fraud allegations insofar as the requested discovery may help define the nature of Defendant's understanding of, or participation in, Lloyd's or the other entities. Defendant allegedly stated that these entities could issue letters of credit or other capital for Defendant. Plaintiff also seeks to discover how Defendant has acted in other similar situations. In addition, Plaintiff asserts that since this case is covered by a confidentiality agreement, Defendant's objections based on confidentiality are without merit.

Defendant responds that the interrogatories are seeking irrelevant material insofar as they relate to his personal finances and business relationships outside the scope of any relationship he may have had with

Plaintiff. Defendant asserts that he never participated in any "similar" business dealings because the relationship between the parties in the instant case is unique. Furthermore, Defendant asserts that the requested information is not calculated to lead to the discovery of admissible evidence. Rather, Defendant posits that the requested discovery is merely a pretense for obtaining Defendant's personal financial information. At the motion hearing, Defendant withdrew his objections based on confidentiality.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a).

After a review of the interrogatories at issue, the Court finds that they are relevant and reasonably calculated to lead to the discovery of admissible evidence. The very gravamen of Plaintiff's case depends upon Defendant's intentions when he allegedly made certain representations to Plaintiff. Plaintiff is entitled to discover the nature of Defendant's relationship with the companies

he mentioned during those negotiations. This is especially true when Defendant, or entities which he owned or controlled, allegedly made promises which induced Plaintiff to act in a certain way. Whether the evidence will ultimately be admissible at trial is not an issue before this Court. Accordingly, Plaintiff's motion is granted and Defendant is ordered to fully respond to Plaintiff's discovery requests within thirty days.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff's Motion to Compel Discovery (Doc. No. 18) is **GRANTED**; and

(2) Defendant must comply with this Order and fully respond to Plaintiff's Second Set of Interrogatories by March 1, 2002.

Dated: January 29, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge